United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JATINDER DHILLON, A MEDICAL CORPORATION<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent._____/ | No. C 10-04871 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION TO QUASH** |

Petitioner Jatinder Dhillon, a Medical Corporation, moves the Court to quash third-party summonses issued by Respondent IRS to Bank of America and an individual, Linda Bellmire, seeking records and testimony. Pet. (dckt. no. 1) at 1. Respondent moves to dismiss. See generally Mot. (dckt. no. 7). The Court has carefully considered the parties' submissions and concludes that the summonses are not improper.

## I.    BACKGROUND

Petitioner contends that it and Respondent are involved in a dispute about the 2006 and 2007 tax years. Pet. (dckt. no. 1) at 2. This conclusion is based on Respondent having only issued Information Document Requests for those two years . Id. Despite Petitioner's understanding of the limited scope of the dispute, Respondent issued summonses to an individual named Linda Bellmire, seeking records as to Jatinder Dhillon, a Medical

1  Corporation, for 1993-2003, and to Bank of America, seeking records as to "the matter of
2  Jatinder S. Dhillon and Gurinder K. Randhawa," Petitioner's wife, for 2006 and 2007.[1]
3  Dhillon Decl. Ex. B.

4      Petitioner contends that Linda Bellmire provided "financial and business assistance"
5  only until 2005, after which she provided "basic booking services" until 2008. Dhillon Decl.
6  ¶ 3. It also asserts that Respondent has already interviewed Bellmire and so the summons is
7  duplicative. Id. ¶ 4. Petitioner further states that the Bank of America accounts at issue
8  belong to Dr. Dhillon's adult children. Id. ¶ 5. Petitioner therefore argues that the
9  summonses should be quashed as overbroad, having no legitimate purpose, and related to
10 time periods not germane to Respondent's current inquiry. Pet. (dckt. no. 1) at 2.

11     Respondent moves to dismiss, arguing that in fact Dr. Dhillon and his wife, and
12 Petitioner, are being audited for 1999 through 2007, not just 2006 and 2007. Mot. (dckt. no.
13 7) at 1-2. A Notice of Deficiency for 1999 was issued to the corporation in November 2010
14 and a separate notice of deficiency to Dr. Dhillon and his wife for 1999 through 2006 was
15 issued in mid-October 2010. Id. at 2. Respondent asserts that the required notice of the
16 summonses were provided to Petitioner in compliance with I.R.C. § 7609(a)(1), and that it
17 had no legal requirement to notify the individuals or the corporation that they were under
18 audit for additional years. Id. at 3. Respondent explains that its Criminal Investigation
19 Division had already investigated the individuals and the corporation for the years 1999
20 through 2006 and obtained numerous documents and records. Id. Respondent was able to
21 review many of these documents, and used the summonses at issue here to both
22 "authenticat[e] and explain[]" those documents she already possessed, and to "trace[] the
23 sources and amounts of what appear to be repatriated funds from [Petitioner's] offshore
24 abusive tax avoidance schemes." Id. at 3-4. Respondent adds that Dr. Dhillon's wife's name
25 was also on his adult children's accounts, id. at 2, and that it has not interviewed Bellamire as
26 to Petitioner. Id. at 4.

---

[1] The attachment to the summons/subpoena in fact lists time periods of December 1, 2005 through December 31, 2006 as well as January 1, 2007 through January 31, 2008. Id.

2

## II. LEGAL STANDARD

The target of an IRS investigation can challenge a summons issued by the government to a third-party. 26 U.S.C. § 7609(b). To issue a valid summons under section 7602,[2] the Government must show that the summons: (1) is issued for a legitimate purpose; (2) seeks information that may be relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Services Code. See United States v. Powell, 379 U.S. 48, 57-58 (1964). A court may not permit this process to be abused, for example, if its purpose is "to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Id. at 58.

The government can show compliance with the Powell factors by way of an affidavit from the investigating agent, and the burden on the government is low, to ensure that the enforcement powers of the IRS are not unduly restricted. Liberty Fin. Serv. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985). If the government meets its minimal burden, the burden shifts to the petitioner to show an abuse of process – that the summons was issued in bad faith for an improper purpose. Id.[3]

## III. ANALYSIS

### A. Issued for a Legitimate Purpose

Petitioner argues that the summonses were issued for an improper purpose– "to harass and intimidate Petitioner and its principals." Opp. at 1. But Congress has given Respondent broad discretion to investigate "all persons . . . who may be liable" for taxes. 26 U.S.C. §

---

[2] "For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law . . . of any person in respect of any internal revenue tax . . . the Security is authorized . . . (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry; (2) To summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act. . . ."

[3] Here, the government asserts that the third parties, Ms. Bellmire and Bank of America have stated that they will comply with the summonses if the petition to quash is dismissed. Mot. at 8; Ritchie Decl. ¶ 14. In such circumstances the government need not move to enforce the summons but "can rely on the voluntary compliance of third parties." See Wilde v. United States, 358 F. Supp. 2d 966, 968 (D. Ariz. 2005) (citing Cosme v. IRS, 708 F. Supp. 45, 48 (E.D.N.Y. 1989). Nonetheless, as the government has moved to dismiss, the Court will address the Motion.

3

1    7601. Respondent may issue a summons to investigate "merely on suspicion that the law is
2    being violated, or even just because it wants assurance that it is not." Powell, 379 U.S. at 57
3    (quoting United States v. Morton Salt Co., 338 U.S. 632, 642-43 (1950)). Here, Respondent
4    was investigating "the failures of the corporation and the individuals (Dr. Dhillon and Dr.
5    Randhawa) to report all income earned through the use of offshore entities and
6    implementation of other abusive tax avoidance transactions." Ritchie Decl. ¶¶ 4-5. This is a
7    legitimate purpose under 26 U.S.C. § 7601, and so this factor is met.

### B. Seeks Relevant Information

9    Petitioner's main contention as to why the summonses are not relevant is that they
10   seek information about past years, and not just 2006 and 2007. Opp. at 3-4. This argument
11   relies on a faulty premise. The audit was not limited to 2006 and 2007, as Petitioner
12   contends. Indeed, Agent Ritchie asserts: "When I issued these summonses, I was
13   conducting audits of both Jatinder S. Dhillon and Gurinder K. Randhawa, for years 1999
14   through 2007 and the Jatinder Dhillon Medical Corporation for years 1999 through 2007."
15   Ritchie Decl. ¶ 4. Petitioner cites no authority holding that when an IRS sends an
16   Information Document Requests for two years, its audit is subsequently limited to those two
17   years. Nor does it cite any authority for the proposition that sending a Notice of Deficiency
18   after sending a summons renders that summons invalid.

19   Petitioner argues, however, that the summonses did not seek relevant information
20   because "the IRS is time-barred from investigating these periods as a matter of law." Opp. at
21   4 (citing 26 U.S.C. § 6501(a), which has a three year statute of limitations).[4] But section
22   7602 allows Respondent to examine "any books, papers, records or other data which may be
23   relevant." That "may be" language "reflects Congress' express intention to allow the IRS to
24   obtain items of even potential relevance to an ongoing investigation, without reference to its
25   admissibility. See United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984)

---

[4] Petitioner concedes that these period might not apply in the case of willful tax fraud, but states that there is no criminal prosecution taking place. Id. (citing Mot. at 3). Respondent does not concede that one will never take place. See Reply at 3 ("if the return is fraudulent or filed with the intent to evade tax, the IRS may assess additional tax at any time. 26 U.S.C. § 6501(c)(1)."

4

(emphasis in original). This is a very low threshold. United States v. Noall, 587 F.2d 123, 125 (2d Cir. 1978) ("threshold the Commissioner must surmount is very low, namely, whether the inspection sought might have thrown light upon the correctness of the taxpayers' returns.") (internal quotation marks omitted), cert. denied, 441 U.S. 923 (1979). Even documents from a statutorily-barred year might shed light upon the correctness of Petitioner's returns in a later year. See United States v. Judicial Watch Inc., 266 F. Supp. 2d 1, 22 (D. D.C. 2002) ("It is proper to request information pertaining to closed tax years if that information is being used to assess the tax liability of the taxpayer for tax years still within the statute of limitations").

Petitioner argues also that there is "no evidence or explanation for why the bank accounts of third parties – Dr. Dhillon's children no less– are in any way relevant to the 2006-2007 audit." Opp. at 5. But the relevance is clear: Ritchie explained that Dr. Randhawa (Dr. Dhillon's wife), also a subject of the audit, is "named on these accounts." Ritchie Decl. ¶ 2(b). Given this fact, the Bank of America records "may be" relevant to the audit. See 26 U.S.C. § 7602. Accordingly, this factor is met.

### C.   Seeks Information Not Already Within its Possession

Petitioner asserts that Respondent already interviewed Ms. Bellmire and so the information it seeks from her is already within its possession. However, Agent Ritchie explains that while Respondent did interview Ms. Bellmire as to "other taxpayers who were involved in [similar] tax avoidance schemes. . . . She has not been interviewed with respect to petitioner-corporation or Dr. Dhillon and his wife so the Service does not have her testimony or information with respect to petitioner or Dr. Dhillon and his wife." Ritchie Decl. ¶ 15. Petitioner does not dispute this assertion. Thus, this factor is also met.

### D.   Satisfies All Required Administrative Steps

Respondent demonstrates that it has met all of its required administrative steps, see Mot. at 7, and Petitioner does not dispute this point. Accordingly, this factor is also met.

Respondent has met its minimal burden under Powell, and Petitioner has not demonstrated an abuse of process.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss and declines to quash the summonses.

**IT IS SO ORDERED.**

Dated: March 3, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE